**Marseno Augusto MARTINS,**
**Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney**
**General, Respondent.**

No. 05–6756–ag.

United States Court of Appeals,
Second Circuit.

Feb. 13, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

Jeffrey B. Rubin, Esq., Law Offices of Jeffrey B. Rubin, P.C., Boston, MA, for Petitioner.

Kevin J. O'Connor, United States Attorney, District of Connecticut, Carolyn A. Ikari, Assistant United States Attorney, Sandra S. Glover, Assistant United States Attorney (of counsel), Hartford, CT, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Marseno Augusto Martins, a native and citizen of Brazil, seeks review of a November 15, 2005 order of the BIA affirming the May 3, 2005 decision of Immigration Judge ("IJ") Michael Straus, denying his motion to reopen. *In re Marseno Augusto Martins,* No. A98 322 862 (B.I.A. Nov. 15, 2005), *aff'g* No. A98 322 862 (Immig. Ct. Hartford, CT May 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the BIA's decision to affirm an IJ's denial of a motion to reopen for abuse of discretion. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [agency] has acted in an arbitrary or capricious manner." *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005)(internal quotation marks and citation omitted).

■ An applicant is limited to one motion to reopen which must be filed within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.23(b)(3). Martins' first motion to reopen requested an extension of the period of his voluntary departure, but the agency does not have the authority to grant such a request. 8 C.F.R. § 1240.26(f). Martins argues that, be-

cause the IJ had no jurisdiction to act upon it, his first motion should not count towards the applicable time and numerical limitations on motions to reopen. However, Martins did not present this argument to the BIA and has thus failed to exhaust it administratively. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004). Accordingly, we decline to consider this unexhausted issue. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 (2d Cir.2007). Furthermore, to the extent that Martins' petition raises ineffective assistance of counsel claims, they, too, are unexhausted. *Id.*

■ Martins also argues that the time and numerical limitations on motions to reopen are overly stringent and violate due process, as well as numerous precepts of international law, including the 1951 Refugee Convention, the 1967 Protocol and the United Nations Handbook on Procedures and Criteria for Determining Refugee Status for the 1951 Convention and 1967 Protocol ("the Handbook"). However, nothing Martins cites bars the imposition of deadlines on the filing of motions to reopen. *See Ahmetovic v. INS*, 62 F.3d 48, 53 (2d Cir.1995) ("The power of the government's political departments to expel or exclude aliens is extremely broad, and nothing in the Constitution or the provisions of international law … is to the contrary."). Furthermore, the Handbook is not binding on the agency or this Court. *See INS v. Aguirre–Aguirre*, 526 U.S. 415, 427, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999).

■ Martins' appeal to due process also fails. The Due Process Clause does not preclude the agency from enforcing the time and numerical limitations applicable to motions to reopen. *See Ahmetovic*, 62 F.3d at 53. This Court routinely dismisses due process claims based on the application of time and numerical limitations on motions to reopen unless the petitioner points to evidence in the record suggesting

he was denied a meaningful opportunity to be heard. *See, e.g., Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006). Martins has not pointed to any such evidence in this case.

■ Moreover, the IJ did not abuse his discretion, either by denying Martins' motion or by declining to hold a hearing before deciding the motion. Because Martins' second motion to reopen was barred by the applicable time and numerical limitations, the IJ could grant the motion only if Martins presented evidence establishing "changed country conditions arising in the country of nationality" which was undiscovered or unavailable at the time of his hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(ii). But the articles Martins submitted in support of his motion were all dated prior to his November 2004 removal hearing and thus provided no evidence that conditions in Brazil had changed in the time since the IJ denied his initial application for relief. Under these circumstances, where the evidence Martins submitted clearly provided no support for a finding of changed country conditions, the IJ did not abuse his discretion in declining to conduct a hearing prior to denying the motion. *Kaur*, 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).